**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4817**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE J. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:09-cr-00301-BO-1)

Submitted:  January 17, 2017                    Decided:  March 31, 2017

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Williams appeals a 36-month sentence imposed following the revocation of his supervised release. We affirm.

I.

In July 2010, Terrance Williams pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced him to 262 months' imprisonment and two concurrent, five-year terms of supervised release.

Williams successfully appealed his § 922(g) conviction, arguing that this Court's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), rendered him actually innocent of being a felon in possession. On remand, the district court amended the judgment to vacate Williams' felon-in-possession conviction and sentenced Williams to 60 months' imprisonment and five years of supervised release on the remaining § 924(c)(1)(A) count. Williams' supervised release carried a number of standard conditions, including that Williams not commit any crime and not unlawfully possess, use, or administer a controlled substance. He was also required to submit to periodic drug testing.

Williams began his term of supervised release in March 2015. Within days, Williams reported to his probation officer that he had used marijuana, but the district court did not revoke his probation. However, the court did alter Williams' supervised

release conditions to include drug aftercare and mental health treatment. Williams continued to violate the conditions of his probation. In July 2015, the court received a violation report that Williams was charged in state court with various traffic offenses and possession of a controlled substance. And in August 2015, Williams tested positive for oxycodone use.

Williams' probation officer filed a motion to revoke his supervised release in December 2015. That motion alleged that during the previous month, Williams' urine tested positive for marijuana, which he admitted by signing an Admission of Drug Use form after being confronted with the test results. Williams was arrested in December 2015 for violating the terms of his supervised release.

At Williams' revocation hearing that same month, he admitted to violating the conditions of supervised release. The district court determined that an upward departure from the recommended imprisonment range of eight to fourteen months under the United States Sentencing Guidelines (the "Guidelines") was warranted. In determining Williams' sentence, the district court stated, "I want to make a record that I deliberated on this and found that the guideline range woefully under-represented the level of punishment that he should receive because of his violation." J.A. 38. Although Williams said his return to drugs culminated from losing his job and being evicted, the district court disagreed, finding Williams' explanations not credible. Williams, the court said, had been "a thief and a law breaker and a drug addict and user and trafficker all his life," and the presentence report "document[ed] a life of crime that is unremitting." J.A. 39. The district court described Williams' criminal history, observing, "[H]e has somewhere

in the neighborhood of 20 break-ins in residential houses and drug possession and other theft-related crimes . . . ." *Id.* Revoking Williams' supervised release, the court sentenced him to "the minimum [it] would be willing to consider," thirty-six months' imprisonment. *Id.*

Williams timely appealed his revocation sentence, and this Court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

II.

We accord the district court "broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence will be affirmed so long as "it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). We initially consider whether the sentence imposed is procedurally or substantively unreasonable. *Id.* "Only if we find the sentence unreasonable [will we proceed to determine] whether [the sentence] is 'plainly' so." *Id.* A sentence is plainly unreasonable when it "run[s] afoul of clearly settled law." *United States v. Thompson*, 595 F.3d 544, 548 (4th Cir. 2010).

Williams challenges his revocation sentence as procedurally and substantively unreasonable. Specifically, he contends that his sentence is procedurally unreasonable because "the district court gave no indication that it had considered the Chapter Seven policy statements or the pertinent 18 U.S.C. § 3553(a) sentencing factors before sentencing . . . Williams." Opening Br. 13–14. He argues his sentence is substantively

4

unreasonable because the sentence was meant to punish him for his original offense, rather than the supervised release violation. We address these two contentions seriatim.

While a district court must consider the Chapter Seven policy statements and other statutory provisions applicable to revocation sentences, the court maintains broad discretion to impose a specific sentence. *Crudup*, 461 F.3d at 439; *see also United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). A district court is required only "to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). That requirement applies "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). The "court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Id.* (internal quotation marks omitted).

In examining the particular merits of Williams' appeal, it is useful to review the holding in *Crudup*, where we summarized that defendant's supervised release violations as follows:

> Crudup was released from state custody in April 2004. Six months later, on October 5, 2004, Crudup tested positive for using marijuana. Rather than revoke Crudup's supervised release based on this violation of the conditions of his release, the district court gave Crudup "one last chance" and placed him in a more comprehensive drug-detection urinalysis program. Crudup failed to submit to required drug tests on seven occasions in October and November. When Crudup finally submitted to a drug test on November 22, he tested positive for marijuana and cocaine.

461 F.3d at 435. In that case, Crudup was sentenced to 36 months' imprisonment upon revocation of his supervised release, a range higher than the five to eleven months called for by the relevant policy statement. *Id.* Even so, this Court held the sentence was procedurally and substantively reasonable. *Id.* at 440. The district court had accounted for the advisory policy statement range, and Crudup was unable to point to any factor under § 3553(a) that was omitted from the court's consideration. *Id.* Therefore, we concluded the sentence was procedurally reasonable. *Id.* Substantively, the district court observed that Crudup had engaged in a pattern of supervised release violations despite receiving leniency from the court. *Id.*

Williams' noncompliance with the terms of his supervised release was at least as egregious as Crudup's. Williams admitted to using marijuana within days of his release from prison, incurred charges for various state traffic and drug offenses, tested positive for oxycodone use, and then tested positive for marijuana use. The district court noted each of these violations. Further, the district court recounted Williams' lengthy criminal history, which included numerous break-ins of residential houses, drug possession, and other theft-related crimes. The court's statement of reasons is brimming with indicia that it viewed Williams' violations as just the sort of evidence of recurring breaches of trust that warrants imposition of a revocation sentence. U.S.S.G. ch. 7, pt. A, Introduction 3(b) (2010) ("[T]he Commission adopted an approach that is consistent with the theory [that] at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

Williams nonetheless contends that the district court gave short shrift to the § 3553(a) factors. Not so. We do not require a court to "robotically tick through § 3553(a)'s every subsection." *Moulden*, 478 F.3d at 657 (internal quotation marks omitted). Rather, a sufficient explanation to provide the "perception of fair sentencing" and "meaningful appellate review" is the minimal standard by which we review the revocation sentence. *Gall*, 552 U.S. at 50. And a district court's reasons for imposing a within-range sentence may be clear from context. *Rita v. United States*, 551 U.S. 338, 357 (2007). Taking the district court's comments in full context, the district court adequately considered the pertinent factors and provided an explanation that is sufficient to permit meaningful appellate review. *Cf. Thompson*, 595 F.3d at 547 (remanding where district court imposed revocation sentence "without giving any indication of its reasons for doing so").

In this case, the district court explained without equivocation its reasons for departing from the Chapter 7 policy statement range. Those considerations included Williams' "unremitting" criminal history, his repeated violations of the conditions of his supervised release, and the failure of his prior sentence to have a deterrent effect given the pending charges and arrests listed in his presentence report. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). "Even if not couched in the precise language of § 3553(a), each of these reasons can be matched to a factor appropriate for consideration under that statute," and therefore bore a clear nexus to Williams' specific circumstances. *Moulden*, 478 F.3d at 658. In other words, the court articulated with sufficient clarity the pertinent reasons for imposing Williams' revocation sentence under § 3553(a).

7

Williams also challenges his revocation sentence as substantively unreasonable. A sentence may be deemed substantively unreasonable when the court fails to state a basis for the sentence. *See Crudup*, 461 F.3d at 440. "[A] court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines* that were, before *Booker*, considered to be mandatory." *Id.* at 439 (internal quotation marks omitted). Williams' violations began just days after being released and pervaded his time on supervision. The district court was undoubtedly permitted to consider Williams' criminal history in fashioning a revocation sentence. *Id.* And Williams does not dispute that the 36-month sentence imposed was within the statutory range. Substantively, then, the district court stated a proper basis for its conclusion that Williams should be sentenced to a term greater than what was called for under the advisory Guidelines. *See Moulden*, 478 F.3d at 657 ("[T]he sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum.").

According to Williams, however, the district court committed a substantive error because the sentence imposed was meant to punish him for his original offense. In devising a revocation sentence, 18 U.S.C. § 3583(e) does not authorize the district court to consider whether the revocation sentence "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense." *Compare* 18 U.S.C. § 3553(a)(2)(A), *with id.* § 3583(e); *Crudup*, 461 F.3d at 439; *Webb*, 738 F.3d at 642 (observing "a district court may not impose a revocation sentence based

8

*predominately on* the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment" (emphasis added)). But "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Webb*, 738 F.3d at 642. Here, the district court discussed Williams' substantially lower post-*Simmons* sentence for his original offense in the context of considering the factors under § 3553(a) and the Guidelines' Chapter 7 policy statements. Those permissible bases for imposing the 36-month sentence included Williams' instant violation, his pattern of non-compliance with the terms of his supervised release, and his lengthy criminal history. The permissible considerations predominate the district court's discussion of the relevant factors and its passing reference to *Simmons* was in relation to the appropriate factors. Thus, Williams' argument is without merit.

Finally, Williams posits that the district court erred by refusing to enroll him in a drug treatment program in lieu of incarceration. We disagree. At the time of his revocation sentencing hearing, Williams had failed multiple drug tests and had admitted to using marijuana just days after being released on supervision. In fact, the district court had already enrolled Williams in drug aftercare and a mental health program for one of his previous violations. We need not entertain this contention further.

In sum, we have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in imposing Williams' 36-month revocation sentence. Accordingly, we affirm the judgment of the district court. We

9

dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this Court and argument would not aid the decisional process.[*]

*AFFIRMED*

---

[*] Even if the Court were to determine that a procedural or substantive error occurred, the record shows no error that runs afoul of well-settled law such that it would meet the second prong of the analysis, i.e. it was not plainly unreasonable. *See Gall*, 552 U.S. at 51 (instructing that in determining the reasonableness of a sentence, we "must give due deference to the district court's decision").